Michael Millen
Attorney at Law (#151731)
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Telephone: (408) 871-2777
Fax: (408) 516-9861
mikemillen@aol.com

Catherine Short, Esq. (#117442)
Life Legal Defense Foundation
PO Box 1313
Ojai, CA 93024-1313
(707) 337-6880
kshort@lldf.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (San Jose Division)

| | |
|---|---|
| TERESITA AUBIN, DAVID BROWNFIELD, and WYNETTE SILLS,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>Defendant. | NO.: 21-CV-07938<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATION AND INJUNCTIVE AND DECLARATORY RELIEF;**<br><br>**1. 42 U.S.C. § 1983**<br>**2. California Civil Code §52.1** |

Plaintiffs allege as follows:

1. Plaintiffs Teresita Aubin, David Brownfield, and Wynette Sills are natural persons. Motivated by their moral, religious, and political beliefs, Plaintiffs regularly engage in pro-life, anti-abortion speech activities in California. These speech activities include hand-to-hand leafleting, education about abortion, and holding signs with a pro-life, anti-abortion message. All of these activities occur on public sidewalks or other public fora, where they can convey their message to the public.

2. Defendant Rob Bonta is the Attorney General of California and as such is the chief law enforcement officer of the state of California and is named herein in his official capacity. According to Cal. Const. Article V, §13, the Attorney General's duties include the following:

> It shall be the duty of the Attorney General to see that the laws of the State are uniformly and adequately enforced. The Attorney General shall have direct supervision over every district attorney and sheriff and over such other law enforcement officers as may be designated by law, in all matters pertaining to the duties of their respective offices, and may require any of said officers to make reports concerning the investigation, detection, prosecution, and punishment of crime in their respective jurisdictions as to the Attorney General may seem advisable.

3. **JURISDICTION:** This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. This Court has authority to award attorney fees pursuant to 42 U.S.C. §1988. Plaintiffs further invoke the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims. Each and all of the acts (or threats of acts) alleged herein were done by Defendant, or his officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California.

4. **INTRADISTRICT ASSIGNMENT:** Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in Santa Clara County and Monterey County, California which is within this district and division.

5. On or about October 8, 2021, the State of California enrolled and chaptered Senate Bill 742 ("SB742"), with the short title: "Vaccination sites: unlawful activities: obstructing, intimidating, or harassing." Section 2 of SB742 adds section 594.39 to the Penal Code. Section 594.39(a) provides:

> It is unlawful to knowingly approach within 30 feet of any person while a person is within 100 feet of the entrance or exit of a vaccination site and is seeking to enter or exit a vaccination site, or any occupied motor vehicle seeking entry or exit to a vaccination site, for the purpose of obstructing, injuring, harassing, intimidating, or interfering with that person or vehicle occupant.

Section 594.39(c)(1) defines "harassing" as:

> knowingly approaching, without consent, within 30 feet of another person
> or occupied vehicle for the purpose of passing a leaflet or handbill to,
> displaying a sign to, or engaging in oral protest, education, or counseling
> with, that other person in a public way or on a sidewalk area.

Section 594.39(c)(6) defines "vaccination site" as:

> the physical location where vaccination services are provided, including,
> but not limited to, a hospital, physician's office, clinic, or any retail space
> or pop-up location made available for vaccination services.

Section 594.39(d) provides:

> It is not a violation of this section to engage in lawful picketing arising out
> of a labor dispute, as provided in Section 527.3 of the Code of Civil
> Procedure.

6. Violation of SB742 is a criminal misdemeanor under section 594.39(b), punishable by fine or imprisonment or both.

7. Plaintiffs regularly exercise their free speech rights to display signs to, distribute literature to, and engage in oral protest, education, and counseling with other persons, in or out of vehicles, within 100 feet of the entrance or exits of "vaccination sites" as defined under SB742. Plaintiffs do not seek, nor could they reasonably be expected to seek or to gain, from 30 feet away, permission to approach other persons in order to engage in these activities.

8. SB742 is content- and viewpoint on its face, as it exempts speech activity "arising out of a labor dispute" from the restrictions imposed on other speech and speakers. It is also content-based in that it restricts only those oral communications that consist of "protest, education, or counseling."

9. SB742 on its face burdens and denies free speech in a traditional public forum, does not further any important or substantial government interest, and is not narrowly tailored to further any government interest asserted, and fails to leave open ample alternative channels of communication.

10. Any interest advanced by Defendant to support SB742 is related to the suppression of constitutional free speech rights and is also minor compared to the infringement of rights worked by SB742.

11. Unless and until Defendant is restrained by order of this Court, defendant, acting through his officers, servants, agents and employees, will enforce SB742.

12. Unless and until this Court declares SB742 unconstitutional, Defendant, acting through his officers, servants, agents and employees, will enforce SB742.

13. All of the acts of the Defendant, his officers, agents, servants, and employees, as alleged herein, were done or are threatened to be done under color and pretense of the statutes, ordinances, regulations, customs, official policies, official procedures, and usages of the State of California.

14. Plaintiffs are suffering irreparable injury from the enforcement and threat of enforcement of SB742, and will continue to suffer irreparable injury until the threat of enforcement is lifted.

## FIRST CAUSE OF ACTION

## (VIOLATION OF 42 U.S.C. § 1983)

15. Plaintiffs incorporate by reference all preceding paragraphs as if fully restated here.

16. SB742 is an unconstitutional abridgment on its face, and as applied or threatened to be applied, of the Plaintiffs' affirmative rights to freedom of speech under the United States Constitution, First and Fourteenth Amendments.

17. SB742, on its face and as applied or threatened to be applied, is an unconstitutionally overbroad restriction on expressive activity.

18. SB742, on its face and as applied or threatened to be applied, is an unconstitutionally vague restriction on expressive activity.

19. SB742 on its face and as applied or threatened to be applied, is a content-based and viewpoint-based restriction on speech.

20. SB742, on its face and as applied or threatened to be applied, does not serve a significant governmental interest.

21. SB742, on its face and as applied or threatened to be applied, does not leave open ample alternative channels of communication.

22. SB742, on its face and as applied or threatened to be applied, is neither narrowly tailored nor the least restrictive means to accomplish any permissible governmental purpose sought to be served by the legislation.

23. SB742 fails to adequately advise, notify, or inform persons threatened with possible prosecution for violation of their requirements. Therefore, the Ordinance is unconstitutionally vague, on its face and as applied or threatened to be applied, in violation of the due process guarantee of the Fourteenth Amendment to the United States Constitution.

24. SB742 is an irrational and unreasonable statute, imposing unjustifiable restrictions on the exercise of protected constitutional rights. Because the Ordinance is irrational and unreasonable, its application violates the due process guarantee of the Fourteenth Amendment to the Untied States Constitution

25. SB742, on its face and as applied or threatened to be applied, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and similar guarantees in the California State Constitution by denying to Plaintiffs free speech rights allowed to others in similar situations and other protections of state and federal law

## SECOND CAUSE OF ACTION

## (VIOLATION OF CALIFORNIA CIVIL CODE §52.1)

26. Plaintiff incorporates paragraphs 1-25 as if fully set forth herein.

27. SB742, on its face and as applied or threatened to be applied, interferes with Plaintiffs' exercise of the right to free speech and to assembly guaranteed by the First Amendment of the United States Constitution and Article I, §2 of the California Constitution, their right to be free from unlawful search and seizure guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §13 of the California Constitution, their rights under California's Unruh Act to be free from unlawful discrimination, and his equal protection rights under the 14th Amendment to the United States Constitution. This was and is a violation of California Civil Code §52.1.

28. Unless enjoined by this Court, Defendant will continue to infringe Plaintiffs' constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate Plaintiffs for the ensuing harm. This threat of injury from continuing violations requires injunctive relief.

WHEREFORE, Plaintiffs pray that this Court:

(a) Enter judgment against the Defendant;

(b) Enter a declaratory judgment declaring the acts of the Defendant to be a violation of Plaintiffs' constitutional rights to freedom of speech and due process;

(c) Issue a declaratory judgment declaring that SB742 is unconstitutional on its face;

(d) Issue a declaratory judgment declaring that SB742 is unconstitutional as enforced and as applied;

(e) Issue a temporary restraining order, and a preliminary and permanent injunction enjoining defendants, their agents, servants, employees, officers from enforcing SB742;

(f) Award Plaintiffs costs, interest and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988, Code of Civil Procedure §1021.5, and/or Civil Code §§ 52 and 52.1; and,

(g) Order such other and further relief as the Court deems just and proper under the circumstances.

Dated: October 10, 2021

_____
MICHAEL MILLEN, ESQ.
ATTORNEY FOR PLAINTIFF