1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9

10

11    TERESITA AUBIN, DAVID                    Case No. 21-cv-07938 NC
      BROWNFIELD, and WYNETTE SILLS,
12                                             **ORDER GRANTING AND DENYING**
                         Plaintiffs,           **IN PART CROSS-MOTIONS FOR**
13                                             **SUMMARY JUDGMENT;**
             v.                                **PERMANENTLY ENJOINING**
14                                             **ENFORCEMENT OF THE**
      ROB BONTA, in his official capacity as   **"HARASSING" PROVISION OF**
15    Attorney General of California,          **CALIFORNIA PENAL CODE §**
                                               **594.39**
16                       Defendant.
                                               Re: ECF 33, 34
17

18

19          In this case, the First Amendment's constitutional guarantee of free speech collides

20    against a new California criminal statute that protects access to vaccination sites but

21    exempts labor dispute picketing.  This case is one of three separate federal court lawsuits

22    challenging enforcement of the California statute that creates vaccination site buffer zones.

23    The statute, California Penal Code § 594.39, became effective October 8, 2021, upon the

24    passage of Senate Bill 742.  It makes it unlawful in California to knowingly approach

25    within 30 feet of a person seeking to enter or exit a vaccination site and the person is

26    within 100 feet of the entrance or exit, or any occupied motor vehicle seeking entry or exit

27    to a vaccination site, "for the purpose of obstructing, injuring, harassing, intimidating, or

28    interfering with that person or vehicle occupant."  Cal. Penal Code § 594.39(a).  A

United States District Court
Northern District of California

violation of the statute is "punishable by a fine not exceeding one thousand dollars ($1,000), imprisonment in a county jail not exceeding six months, or by both that fine and imprisonment."  Cal. Penal Code § 594.39(b).  The statute, however, exempts "lawful picketing arising out of a labor dispute."  Cal. Penal Code § 594.39(d).

Plaintiffs Teresita Aubin, David Brownfield, and Wynette Sills argue in this case that the new statute violates their Free Speech and Due Process rights under the First and Fourteenth Amendments to the United States Constitution.  Complaint, ECF 1.  The First Amendment provides in relevant part that "Congress shall make no law . . . abridging the freedom of speech."  The Due Process Clause of the Fourteenth Amendment incorporates the First Amendment against the states. *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 749 n.1 (1976).  Plaintiffs seek a declaration that California's vaccination site buffer statute is unconstitutional and a Court order permanently enjoining it.  ECF 1 at p. 6.

This Court earlier granted Plaintiffs' motion for a temporary restraining order, finding that they demonstrated a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, and the balance of equities and public interest weighed in their favor.  ECF 28, issued Dec. 23, 2021.

After the TRO order, the parties agreed to a combined briefing schedule for cross-motions for summary judgment or, in the alternative, on a preliminary injunction.  The Court endorsed their procedural proposal.  ECF 31.  Now presented to the Court are the cross-motions for summary judgment.  ECF 33, 34.  In their motion, Plaintiffs demand a declaration stating that S.B. 742 is unconstitutional on its face and as applied, as well as a permanent injunction restraining Defendant Rob Bonta and any person acting in concert with him from enforcing California Penal Code § 594.39.  ECF 33 at p. 2.  Defendant argues that the statute is constitutional, and that judgment should be entered in the state's favor as a matter of law.  ECF 34.  In the alternative, Defendant asks the Court to enjoin only the "harassing" provision of the statute because it may be severed from the rest.  ECF 34 at p. 26.  All parties have expressly consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1).  ECF 9, 10.

While the COVID virus and the world's response to it have continuously evolved, the state of the record in this case has not changed much since the Court granted Plaintiffs' TRO and temporarily enjoined the statute in December 2021.  As referenced in the opening paragraph of this order, there are two other pending federal cases challenging the vaccination site buffer statute.  In *Right to Life of Central California v. Bonta,* Case No. 21-cv-1512 DAD, pending before District Court Judge Dale A. Drozd in the Eastern District of California, the Court granted a preliminary injunction for plaintiffs against the "harassing" provision of the statute.  2022 WL 2484239, at *4 (E.D. Cal. July 6, 2022).  In *Gupta v. Bonta*, Case No. 21-cv-9045 EMC, pending before District Court Judge Edward M. Chen in this District, the plaintiffs moved for a preliminary injunction.  Judge Chen stayed the *Gupta* case because *Aubin* and *Right to Life* were more advanced procedurally. *Gupta*, Case No. 21-cv-9045 EMC, ECF 56.

This order proceeds in four parts: (1) a summary of the challenged statute and Plaintiffs' speech; (2) assessment of the cross-motions for summary judgment; (3) consideration of severability of the statute; and (4) assessment of Plaintiffs' motion for a permanent injunction against enforcement of the statute.  As elaborated below, the Court GRANTS and DENIES IN PART the Cross-Motions for Summary Judgment, finding that the statute violates the First Amendment and that Plaintiffs have abandoned their state law claim; SEVERS the statute; and GRANTS IN PART Plaintiffs' motion for a permanent injunction, enjoining only the "harassing" provision of the statute consistent with Judge Drozd's reasoning in the parallel case in the Eastern District of California.

## I.    FACTUAL BACKGROUND: THE CHALLENGED STATUTE AND PLAINTIFFS' EXPRESSIVE SPEECH

Vaccines have been an essential public health tool in stemming the spread of the deadly COVID-19 virus and other diseases.  Vaccines have also evoked public controversy, leading to some reported attempts of activists impeding public access to vaccination sites.  ECF 34-1, Ex. 13.

Plaintiffs Teresita Aubin, David Brownfield, and Wynette Sills are activists who routinely engage in free speech activities including handing out pamphlets, holding signs,

and engaging in sidewalk conversations near vaccination sites but do not wish to be arrested for doing so.  ECF 33-1, 33-2, 33-2 (Decls. of Pls.).

In 2021 the California Legislature enacted Senate Bill 742 (S.B. 742), creating Cal. Penal Code § 594.39.  The statute makes it unlawful to "knowingly approach within 30 feet of any person while a person is within 100 feet of the entrance or exit of a vaccination site and is seeking to enter or exit a vaccination site, or any occupied motor vehicle seeking entry or exit to a vaccination site, for the purpose of obstructing, injuring, harassing, intimidating, or interfering with that person or vehicle occupant."  Cal. Penal Code § 594.39(a).  The statute further states that "[i]t is not a violation of this section to engage in lawful picketing arising out of a labor dispute, as provided in Section 527.3 of the Code of Civil Procedure."  Cal. Penal Code § 594.39(d).  S.B. 742 also includes a severability clause if a section is found to be invalid. Cal. Penal Code § 594.39(e).

The statute sets forth several definitions.  A "vaccination site" is a "physical location where vaccination services are provided, including, but not limited to, a hospital, physician's office, clinic, or any retail space or pop-up location made available for vaccination services."  Cal. Penal Code § 594.39(c)(6).  "Harassing" means "knowingly approaching, without consent, within 30 feet of another person or occupied vehicle for the purpose of passing a leaflet or handbill to, displaying a sign to, or engaging in oral protest, education, or counseling with, that other person in a public way or on a sidewalk area."  Cal. Penal Code § 594.39(c)(1).  "Interfering with" means "restricting a person's freedom of movement."  Cal. Penal Code § 594.39(c)(2).  "Intimidating" means "making a true threat directed to a person or group of persons with the intent of placing that person or group of persons in fear of bodily harm or death."  Cal. Penal Code § 594.39(c)(3). "Obstructing" means "rendering ingress to or egress from a vaccination site, or rendering passage to or from a vaccination site, unreasonably difficult or hazardous."  Cal. Penal Code § 594.39(c)(4).  "True threat" means "a statement in which the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular person or group of persons regardless of whether the person actually intends to act on the threat."  Cal. Penal Code § 594.39(c)(5).

When drafting S.B. 742, California lawmakers made several statutory findings and declarations about the public health circumstances giving rise to the legislation. 2021 Cal. Legis. Serv. Ch. 737 (West).

> (1) On March 4, 2020, Governor Gavin Newsom declared a state of emergency in California due to the threat posed by the novel coronavirus (COVID-19) pandemic.
>
> (2) The COVID-19 pandemic has resulted in the tragic death of over 640,000 Americans, including over 65,000 Californians.
>
> (3) COVID-19 is increasingly infecting Californians' children and preventing them from learning and attending school.
>
> (4) The federal Centers for Disease Control and Prevention (CDC) stated that one of the principal ways that SARS-COV-2, the virus that causes COVID-19, is spread is through inhalation of very fine respiratory droplets and aerosol particles.
>
> (5) Preeminent virologists, epidemiologists, and medical journals have all recognized that SARS-COV-2 can spread through aerosol transmission over multiple feet.
>
> (6) The CDC recently told the public that the Delta COVID-19 variant, B.1.617.2, AY.1, AY.2, AY.3, is one of the most infectious and easily transmitted respiratory viruses ever.
>
> (7) Preeminent virologists, epidemiologists, and medical journals have also recognized that other infectious diseases, including measles, chickenpox, and tuberculosis, all spread through airborne transmission.
>
> (8) Future unknown infectious diseases also likely will spread through airborne transmission.
>
> (9) To blunt and stop infectious diseases, the State of California has an overwhelming and compelling interest in ensuring its residents can obtain and access vaccinations.
>
> (10) The United States Supreme Court previously upheld a buffer zone protecting patients right to access healthcare services.
>
> (11) Given the distance across which airborne infectious diseases spread, a 30-foot buffer zone is necessary to protect the health of Californians trying to access vaccination sites.
>
> (12) Protestors at vaccination sites continue to impede and delay Californians' ability to access vaccination sites.
>
> *Id.* at § 1(a).

United States District Court
Northern District of California

## II.    LEGAL STANDARD FOR SUMMARY JUDGMENT

A movant is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if it would impact the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of demonstrating there are no material facts in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The standard for summary judgment does not change when parties cross-move for summary judgment.  *U.S. v. Fred A. Arnold, Inc*., 573 F.2d 605, 606 (9th Cir. 1978).  Thus, when faced with Cross-Motions for Summary Judgment on the same claim, the Court must "consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (internal citations omitted).

## III.   PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR FIRST AMENDMENT FREE SPEECH CLAIM

The central legal question presented in the Cross-Motions for Summary Judgment is whether S.B. 742 violates the Free Speech clause of the First Amendment.  The parties do not assert that there are any factual disputes.  Rather, they agree that the case is ripe for summary adjudication.  ECF 34, 35, 36.[1]

The First Amendment, applicable to the states through the Fourteenth Amendment, prohibits laws that abridge freedom of speech.  "The protections afforded by the First Amendment are nowhere stronger than in streets and parks, both categorized for First Amendment purposes as traditional public fora." *Berger v. City of Seattle*, 569 F.3d 1029, 1035–36 (9th Cir. 2009).[2]  Public ways, sidewalks, and streets "have developed as venues

---

[1] Plaintiffs object to the Defendant's submission of newspaper articles.  ECF 35 at p. 2. This objection is overruled.  The articles are not admitted for the truth of the matter asserted, so are not excludable hearsay.  The Court has considered all the record evidence filed by all parties.

[2] The legal standard in this section is adopted from Judge Drozd's TRO order in *Right to Life of Central Cal. v. Bonta*, 562 F. Supp. 3d 947, 956-957 (E.D. Cal. Oct. 30, 2021).

United States District Court
Northern District of California

for the exchange of ideas," and "[s]uch areas occupy a 'special position in terms of First Amendment protection' because of their historic role as sites for discussion and debate." *McCullen v. Coakley*, 573 U.S. 464, 476 (2014) (quoting *United States v. Grace*, 461 U.S. 171, 180 (1983)). The government's right to limit expressive activity in a public forum "is 'sharply' circumscribed." *S.O.C., Inc. v. Cnty. of Clark*, 152 F.3d 1136, 1145 (9th Cir.), amended by, 160 F.3d 541 (9th Cir. 1998) (citing *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983)).

Under the First Amendment, the government "has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015) (quoting *Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 95 (1972)). "Government regulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed." *Id.* To determine whether a law is content based, i.e., a law that targets speech based on its communicative content, courts consider "whether a regulation of speech 'on its face' draws distinctions based on the message a speaker conveys." *Recycle for Change v. City of Oakland*, 856 F.3d 666, 670 (9th Cir. 2017) (citing *Reed*, 576 U.S. at 163). "A law that is content based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech." *Reed*, 576 U.S. at 165 (quoting *Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 429 (1993)).  Courts consider whether a law is content based or content neutral "on its face before turning to the law's justification or purpose," because a government's assertion of "an innocuous justification cannot transform a facially content-based law into one that is content neutral." *Reed*, 576 U.S. at 167.

**A.    S.B. 742 is a Content-Based Restriction on Speech**

Considering these First Amendment standards, the Court concludes that S.B. 742 is a content-based restriction on speech.  The reason that the statute is content-based and not content-neutral is because it expressly exempts labor picketers in Cal. Penal Code § 594.39(d).  Laws that exempt labor picketing are content-based restrictions on speech. *Carey v. Brown*, 447 U.S. 455, 471 (1980) (striking down Illinois statute that discriminated

among picketers based on the subject matter of their expression). Additionally, the legislative history of the statute evinces particular concern about anti-vaccine speech.

Because the challenged speech restrictions are not "neutral" and of "general applicability," they must satisfy judicial "strict scrutiny," and this means that they must be "narrowly tailored" to serve a "compelling" state interest. *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 546 (1993). The Court concludes that, although the state has a compelling state interest in stemming the spread of COVID-19 and ensuring access to vaccines, S.B. 742 is not narrowly tailored to achieve those objectives. *See Roman Catholic Dioceses of Brooklyn v. Cuomo*, --- U.S. ---, 141 S. Ct. 63, 67 (2020) ("[s]temming the tide of COVID-19 is unquestionably a compelling state interest.").

**B.     S.B. 742 is Not Narrowly Tailored**

This Court in the TRO order found that S.B. 742 was not "narrowly tailored" to serve a compelling state interest. ECF 28 at pp. 8-9. This analysis is the same at the summary judgment stage. The statute is not narrowly tailored with respect to the size of the zone (the "buffer" is larger than necessary to achieve the compelling state interest, and much larger than the 8-foot buffer the Supreme Court permitted in *Hill v. Colorado*, 530 U.S. 703 (2000)); it is not narrowly tailored with respect to the locations affected (vaccine sites include public fora like community centers, athletic stadiums, and shopping centers); and it is not narrowly tailored with respect to the people it shields from speech (applying to all persons in the buffer zone, not just vaccine patients).

At bottom, the California statute is akin to the COVID-19 New York executive order struck down by the Supreme Court in *Roman Catholic Dioceses*. 141 S. Ct. 63, 67. Assuring access to vaccine sites is unquestionably a compelling state interest. But there are less restrictive rules that could be adopted to protect persons accessing vaccine sites.

The Court therefore grants Plaintiffs' motion for summary judgment, and denies Defendant's motion for summary judgment, as to Count 1 of the Complaint asserting a violation of 42 U.S.C. § 1983 for Plaintiffs' rights to freedom of speech under the First and Fourteenth Amendments of the United States Constitution. In Parts V and VI of this order

United States District Court
Northern District of California

the Court will discuss the scope of the violation, whether the statute may be severed, and the injunctive remedy.

## IV.    PLAINTIFFS' STATE LAW CLAIM IS DISMISSED

Next, the Court agrees with the Defendant that Plaintiffs have not meaningfully briefed their state law claim that S.B. 742 violates their free speech and assembly rights under the California Constitution and California Civil Code § 52.1. ECF 34 at p. 12 n.8; ECF 35 (California law claim not mentioned in Plaintiffs' combined opposition/reply brief). Plaintiffs therefore have abandoned this claim (Count 2 of the Complaint) and it is dismissed. *See Bair v. California Dep't of Transportation*, Case No. 17-cv-6419 WHA, 557 F. Supp. 3d 957, 968 (N.D. Cal. Aug. 30, 2021).

## V.    THE STATUTE IS SEVERABLE

Defendant moves that if the Court determines that the statute violates the First Amendment (as it has above), that it then "sever" and excise the offending part and retain the rest of the statute. ECF 34 at pp. 25-26. As Defendant notes, this was the express intention of the California Legislature when it drafted a severability clause into the statute in Cal. Penal Code § 594.39(e).

Defendant proposes two possible ways to sever the statute. One is to excise the "harassing" provision, which is the provision that Defendant says most closely tracks to Plaintiffs' expressive speech. A second is to excise the statute's exception for labor dispute picketing. Plaintiffs oppose any severance. At the TRO stage, this Court found that the harassing section is grammatically and volitionally severable but is not functionally severable. ECF 28. Faced with similar arguments, Judge Drozd in the Eastern District of California found that a narrower injunction of only the "harassing" provision was the appropriate preliminary relief. 562 F. Supp. 3d 947, 967.

Having considered Judge Drozd's analysis and the arguments raised by Defendant on summary judgment, the Court now agrees with them both that the "harassing" provision may be severed. When performing a severability analysis, the Court applies California law. *Vivid Entertainment, LCC v. Fielding*, 774 F.3d 566, 574 (9th Cir. 2014). Under California law, courts look to three criteria to determine whether a provision is severable.

*Id.* A severable provision "'must be grammatically, functionally, and volitionally separable.'" *Id.* (citation omitted). A provision is grammatically separable if "the invalid parts can be removed as a whole without affecting the wording or coherence of what remains." *Id.* at 576 (citation omitted). It is functionally separable if "the remainder of the statute is complete in itself." *Id.* (citation omitted). And it is volitionally separable if the remainder "would have been adopted by the legislative body had the [body] foreseen the partial invalidation of the statute." *Id.* (citation omitted). The existence of a severability clause creates a presumption of severability. *Id.*

Here, the existence of the severability clause in Cal. Penal Code § 594.39(e) establishes that the Legislature foresaw partial invalidation and prefers severance. Enforcement of the "harassing" provision can be removed without undermining the coherence of the remaining statute. And this order finds that even if "harassing" conduct were removed, the remainder of the statute would be complete. This would keep in place the statute's prohibitions against "obstructing, injuring, …, intimidating, or interfering," which appear to more precisely target the harms that the Legislature sought to prevent, while furthering the state's interest in ensuring access to vaccination sites. *Right to Life*, 562 F. Supp. 3d at 967.

On the other hand, it would not make sense to excise the labor dispute picketing exception to the statute. If the Court did that, it would have the result of criminalizing more conduct than the Legislature intended.

In sum, this Court agrees with Judge Drozd that the "harassing" provision of Cal. Penal Code § 594.39 may be severed and excised from the remainder of the statute. This outcome balances the First Amendment and the Plaintiffs' free speech rights with the state's interest in access to vaccination sites. *See Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991) (974 (relief "must be tailored to remedy the specific harm alleged").

## VI.    REMEDY: PERMANENT INJUNCTION AGAINST THE SEVERED PART OF THE STATUTE

Having determined above in Part III that California's vaccine site buffer statute violates the First Amendment, and in Part V that the statute is severable, the Court finally considers the appropriate remedy.  There is some uncertainty in Plaintiffs' motion as to what they are seeking.  In the first and last paragraphs of their motion, they expressly request a permanent injunction against enforcement of the entire statute.  ECF 33.   Yet in the body of their motion, they do not discuss the standard or evidence that would support a permanent injunction.  In the alternative, Plaintiffs ask for a preliminary injunction and their brief *does* discuss this standard and evidence.  ECF 33 at p. 12.  The Defendant too focuses on the evidence and argument against a preliminary injunction.  ECF 34.

Cutting through the fog, the Court determines that Plaintiffs are demanding a permanent injunction.  The standard for a permanent injunction is essentially the same as for a preliminary injunction, except that the court determines the plaintiff's success on the merits instead of likelihood of success.  *See Amoco Production Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 546 n.12 (1987).  A plaintiff seeking a permanent injunction must satisfy a four-factor test. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  For elements (3) and (4), "[w]hen the government is a party, the balance of equities and public interest factors merge." *Nat'l Ass'n of Wheat Growers v. Becerra*, 468 F. Supp. 3d 1247, 1265 (E.D. Cal. 2020).

In deciding on a remedy, the relief should be "no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs."  *Califano v. Yamasaki*, 442 U.S. 682, 702(1979). This is especially true when a court is directing a state agency to act in a certain manner. *Melendres v. Maricopa Cnty.*, 897 F.3d 1217, 1221 (9th Cir. 2018) ("Federalism principles make tailoring particularly important where ... plaintiffs seek

11

injunctive relief against a state or local government.").  Likewise, "[a]n injunction must be narrowly tailored to remedy the specific harm shown." *Aviation Consumer Action Project v. Washburn*, 535 F.2d 101, 108 (D.C. Cir. 1976); *see also Lamb-Weston, Inc.*, 941 F.2d at 974 (relief "must be tailored to remedy the specific harm alleged").  An "overbroad injunction is an abuse of discretion." *Lamb-Weston, Inc.*, 941 F.2d at 974 (citations omitted).

Here, the Court determined that the California vaccine site buffer statute violates Plaintiffs' First Amendment rights and finds that they will suffer irreparable injury in the absence of injunctive relief.  "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion).  The Court weighed the competing hardships and the public interest by severing the statute and approving only a narrow injunction of the invalid part. *See* Part V; *Right to Life*, 562 F. Supp. 3d at 967.  A permanent injunction against enforcement of the "harassing" provision of the statute is tailored to the specific harm shown.  It is also consistent with the order of the Eastern District of California.  562 F. Supp. 3d at 967.

At bottom, Defendant Rob Bonta, Attorney General of California, and the officers, agents, servants, and employees of the Attorney General, and any person acting in concert with the Attorney General, are ordered restrained and enjoined from enforcing the prohibition on "harassing" as that term is defined in California Penal Code § 594.39, as applied to Plaintiffs Teresita Aubin, David Brownfield, and Wynette Sills, and facially as to any speaker.

///

United States District Court
Northern District of California

## VII.   CONCLUSION

1.  The Court grants Plaintiffs' motion for summary judgment, and denies Defendant's cross-motion, on Count 1 of the Complaint asserting a violation of 42 U.S.C. § 1983 for Plaintiffs' affirmative rights to freedom of speech under the United States Constitution, First and Fourteenth Amendments.

2.  The Court denies Plaintiffs' motion for summary judgment, and grants Defendant's cross-motion, on Count 2 of the Complaint asserting a violation of the California Constitution and California Civil Code § 52.1.

3.  The Court severs from California Penal Code § 594.39 the prohibition on "harassing" as that term is defined in the statute.  This order declares that the prohibition on "harassing" in the statute violates the First and Fourteenth Amendments.  This order does not invalidate the remainder of the statute.

4.  Defendant Rob Bonta, Attorney General of California, and the officers, agents, servants, and employees of the Attorney General, and any person acting in concert with the Attorney General, are ordered restrained and enjoined from enforcing the prohibition on "harassing" as that term is defined in California Penal Code § 594.39, as applied to Plaintiffs Teresita Aubin, David Brownfield, and Wynette Sills, and facially as to any speaker.

5.  The Court vacates the Temporary Restraining Order issued by this Court on December 23, 2021, in ECF 28. The TRO is replaced by the narrower permanent injunction in this order.

6.  No bond shall be required to be posted by the Plaintiffs.

7.  The parties are required to meet and confer with each other before filing any request for fees or costs.

8.  ECF 43 (request for a trial setting conference) is denied as moot.

13

9. The Court will separately enter Judgment.  Upon entering the Judgment, the Clerk of Court is requested to close this case. All claims and defenses presented have been resolved.

**IT IS SO ORDERED.**

Dated:  March 29, 2023

_____
NATHANAEL M. COUSINS
United States Magistrate Judge